UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAUDIA CROFT and
SHEER DELIGHT, INC.,

                    Plaintiffs,

vs.                                           Case No. 8:09-cv-1370-T-27AEP

JEANETTE M. LEWIS,

                    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment for Trademark Infringement (Dkt. 40) and Plaintiff's response (Dkt. 41). Upon consideration, the Court concludes that the Motion for Summary Judgment should be denied.

### Background[1]

Plaintiff Claudia Croft ("Croft") is the manufacturer of certain non-piercing nipple jewelry sold under the trade name "Nipple Huggers." Affidavit of Claudia Croft (Dkt. 41) ("Croft Aff."), ¶ 2. Croft is also the owner of Plaintiff Sheer Delight, Inc. which markets and sells the Nipple Hugger products. Complaint (Dkt. 1), ¶ 7.

As an alternative to piercing, Nipple Huggers are designed to attach to the wearer by gripping or "hugging" the nipple. Croft Aff., ¶ 3.[2] Croft patented the "Nipple Hugger Jewelry System" and

---

[1] For purposes of summary judgment, the Court construes the facts in the light most favorable to Plaintiffs. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

[2] The function and design of the "Nipple Hugger Jewelry System" is more fully described in U.S. Patent No. 6,758,061 (July 6, 2004), attached as Exhibit A to the Complaint.

has registered the mark "Nipple Huggers" for "wire jewelry adorning the breast nipples of the wearer." Complaint, Exhibits A and D.[3]

Defendant Jeanette M. Lewis owns and controls a business operating the website www.underthehoode.com. Declaration of Jeanette M. Lewis (Dkt. 40-2) ("Lewis Decl."), ¶ 1. Underthehoode.com offers various adult articles for sale, including non-piercing wire jewelry designed to attach to the nipples of the wearer.[4] The website refers to this jewelry in various locations as "Nipple Huggers," "nipple huggers," and "Under the Hoode$_{(TM)}$ Nipple Huggers." Complaint, Ex. C.

Plaintiffs allege that Defendant's use of the term "Nipple Huggers" to promote her competing line of non-piercing jewelry constitutes trademark infringement.[5]

### Summary Judgment Standard

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as

---

[3] The "Nipple Huggers" mark was originally registered on September 14, 2004. The United States Patent & Trademark Office cancelled the trademark on April 15, 2011, due to Croft's failure to file certain documentation. Croft has indicated that she intended to re-register the mark. *See* Croft Aff., ¶¶ 8-9. An online search reveals that Croft and Under the Hoode, LLC have recently filed trademark applications for "Nipple Huggers" and "Nipple Hugger," respectively.

[4] A description of the jewelry sold on Underthehood.com provides: "Huggers attach easily by opening the hook closure, encircling the erect nipple from underneath and up each side, then complete attachment by closing the hook feature at the top of the nipple for a nice, snug grip." Complaint, Ex.C.

[5] Plaintiffs also assert a claim for patent infringement. Defendant has not moved for summary judgment on that claim.

a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"If the movant bears the burden of proof on an issue, because, as defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). Moreover, "[b]ecause of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005) (quoting *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002)); *see also EMI Catalogue Partnership v. Hill, Holliday, Connors, Cosmopulos*, 228 F.3d 56 (2nd Cir 2000) (reversing summary judgment in favor of defendants when issues of fact existed as to whether use of phrase was descriptive and in good faith); *United States v. Six Thousand Ninety-Four (6,094) "Gecko" Swimming Trunks*, 949 F. Supp. 768, 774-75 (D. Haw. 1996) (denying defendant's motion for summary judgment on fair-use defense).

## Discussion

Defendant moves for summary judgment on Plaintiffs' claim for trademark infringement (Count II) based on the defense of fair use.[6] Specifically, Defendant argues that she did not use the term "Nipple Huggers" as a trademark, she used the term in a descriptive sense to describer her non-piercing intimate jewelry, and she used the term in good faith. *See* Memorandum of Law in Support of Motion for Summary Judgment (Dkt. 40), p. 1.

"A fair-use defense is established if a defendant proves that its use is '(1) other than as a mark, (2) in a descriptive sense, and (3) in good faith.'" *Int'l Stamp Art, Inc.*, 456 F.3d at 1270 (quoting *EMI Catalogue*, 228 F.3d at 64). "The 'fair-use' defense, in essence, forbids a trademark registrant to appropriate a descriptive term for [its] exclusive use and so prevent others from accurately describing a characteristic of their goods." *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1185 (5th Cir. 1980). The determination of whether a term is used in a trademark or a descriptive sense and the determination that a defendant's use was in good faith are questions of fact. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001).[7]

Construed favorably to Plaintiffs, the non-moving parties, the undisputed facts relied on by Defendant do not demonstrate that Defendant is entitled to summary judgment on the issue of fair use. *See, e.g., Int'l Stamp Art, Inc.*, 456 F.3d at 1276 ("Failure to employ a non-infringing,

---

[6] Defendant also argues that the Court should rule in her favor on Count II because the trademark registration for "Nipple Huggers" was cancelled on or about April 15, 2011. Specifically, Defendant argues: "No sections of the Lanham Act are cited in the Complaint and, therefore, Count II cannot stand in federal court because the mark Nipple Huggers is no longer registered with the USPTO." Defendant cites no authority in support of its position. Moreover, Plaintiffs have filed an affidavit in opposition to the motion for summary judgment stating that they plan to re-register the mark. *See* Croft Aff., ¶¶ 8-9. Accordingly, the Court rejects Defendant's argument that summary judgment is appropriate based of the April 15, 2011 cancellation.

[7] "Nevertheless, these issues may be resolved on summary judgment 'if the evidence is so one-sided that there can be no doubt about how the question should be answered.'" *Packman*, 267 F.3d at 637 (quoting *Door Sys., Inc. v. Pro-Line Door Sys., Inc.*, 83 F.3d 169, 171 (7th Cir. 1996)).

commercially viable alternative can raise a genuine issue of material fact."); *Sands, Taylor & Wood Co. v. Quaker Oats, Inc.*, 978 F.2d 947, 954 (7th Cir. 1992) (rejecting the proposition that "a defendant's use of a term in conjunction with its own trademark [is] *per se* a use 'other than as a trademark'"); *Dayton Progress Corp. v. Lane Punch Corp.*, 917 F.2d 836, 840(4th Cir. 1990) ("mere inclusion of [corporate] logo on the product is not sufficient to establish the defense of fair use"); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984) (holding that good faith is put at issue by choice of infringing phrase when other phrases were available because it may indicate "an intent to trade on [mark holder's] good will and product identity"); *Woodroast Sys., Inc. v. Restaurants Unlimited, Inc.*, 793 F. Supp. 906, 914(D. Minn. 1992) (defendant restaurant's use of its service marks in conjunction with descriptive term "woodroast" does not necessarily establish fair use thereof); *see also Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1060 (7th Cir. 1995) (court observed that if defendant were to use "sweet-tart" on candy rather then beverage, *i.e.*, if the parties were in competition with each other, plaintiff "would have a strong claim for relief").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment for Trademark Infringement (Dkt. 40) is **DENIED**.

**DONE AND ORDERED** in chambers this 29th day of July, 2011.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record

5